254 So.2d 355

**Elbert S. RANKINS, alias**

**v.**

**STATE.**

**I Div. 85.**

Court of Criminal Appeals of Alabama.

Nov. 2, 1971.

mie Lee Byrd, Vivian Rankin (sic), and Charlene Lock were seated at a table in the Flame Club in the City of Mobile at about nine or ten o'clock at night on June 28, 1969; that Vivian Rankin was the wife of appellant; that appellant and his wife had a difficulty a few days before that time; that appellant and his wife were not living together at the time; that appellant came into the club and walked to the table where his wife was and entered into an argument with Paul Bracey, the brother of Charlene Lock, who was at the time standing at the table talking with his sister and others at the table; that appellant accused Bracey of talking to his wife Vivian; that the operator of the club asked them to leave; and that appellant and all of the parties at the table with the exception of Bracey went outside.

The evidence offered by the State further tended to show that when they got outside the club, appellant cursed his wife and shoved her; that he then entered into an argument with his wife's sister, Mamie Lee Byrd, and in the course of that argument stated, "I'm going to kill all you S. O. B.'s;" that he asked Larry Winston for a gun, followed Winston a few yards down the street and came back with a gun and shot his wife Vivian Rankin in the back; that thereupon Andrew Byrd said, "Elbert, man don't do that," and appellant turned and fired the gun and the bullet struck said Andrew Byrd; and that Byrd was carried to the hospital and was in the hospital six days being treated for the gunshot wound received.

The evidence further tended to show that at the time of the trial appellant and his wife had become reconciled and were living together.

On March 9, 1970, appellant was arraigned and Hon. John Coleman appeared as his counsel. Previously, on February 24, 1970, Hon. Robert Beckerle had been appointed by the trial court to represent appellant. The record does not disclose that Beckerle appeared for appellant at any

Kenneth Cooper, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted in the Circuit Court of Mobile County for the offense of assault with the intent to murder and sentenced to seven years in the penitentiary.

The person alleged to have been assaulted with such intent was named in the indictment as "Andrew Byrd." Some of the witnesses identified him in their testimony as "Andrew Byrd" and others, as "Andrew J. Byrd."

The evidence for the State tended to show that Andrew Byrd and his wife, Ma-

**352**

time subsequent to February 24, 1970, but it does show that at the time of his arraignment and at the trial appellant was represented by Hon. John Coleman. Appellant made no objection to being represented by Mr. Coleman, and he did not object to the failure of the court-appointed attorney to appear for him. He complains for the first time on this appeal.

Hon. Kenneth Cooper of Bay Minette has represented appellant on this appeal. There is no order of the court in the record appointing him to do so.

■ Upon the conclusion of the evidence offered by the State, appellant moved to exclude the State's evidence on the grounds that the State had failed to make out a prima facie case and that it had failed to prove material elements in the indictment. That motion was denied by the trial court and appellant reserved an exception.

Appellant's motion to exclude the State's evidence was clearly without merit and the trial court correctly denied it. The name of the person assaulted was clearly proven and the evidence not only makes a jury case but a very strong case of guilt on the part of appellant.

■ Appellant also complains on this appeal that the court-appointed attorney did not represent him at his trial. The law requires that if a defendant does not have an attorney and is unable to employ one but desires one, an attorney must be appointed to represent him. It appears from the record in this case that appellant was represented by counsel who was not appointed by the court. Appellant made no objection to that in the trial court. Therefore, the attorney who represented him was of his own selection. The attorney representing appellant on this appeal is not shown by the record to have been appointed by the court. He made no complaint as to that. The trial court could not have insisted the court-appointed attorney appear for the appellant in light of the fact he

had counsel of his own choosing. There is no error in that aspect of the case.

In accordance with Tit. 15, § 389, Code of Alabama, 1940, we have carefully reviewed the record and find no error contained therein.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.